IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARLOS AYALA,**

      **Petitioner,**

**v.**                                                   **Case No. 5:07cv45**
                                                               **(Judge Stamp)**

**WALLY PHILLIPS,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On March 30, 2007, *pro se* petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that the Federal Bureau of Prisons (BOP) improperly expelled him from the Residential Drug Abuse Treatment Program (RDAP) five days before he was scheduled to graduate. On May 29, 2007, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, respondent was directed to file an answer to the petition. On June 28, 2007, respondent filed his response and a Motion to Dismiss. On June 29, 2007, a Roseboro Notice was issued. As of the date of this report and recommendation, petitioner has filed no reply.

## I. Factual History

On November 29, 2004, petitioner pleaded guilty to Conspiracy to Possess with Intent to Distribute Cocaine in the United States District Court for the Northern District of Illinois. (1:03cr-01132-2). Subsequently, petitioner was sentenced to 41 months of imprisonment. His projected statutory release date is May 18, 2008. (Doc. 8-2, p. 1). The petitioner is currently designated to FCI Morgantown.

The petitioner signed an "Agreement to Commitment" for the Bureau of Prisons ("BOP")

Residential Drug Abuse Treatment Program on March 13, 2006. (Doc. 8-3, p. 1). The petitioner then began the nine month long phase I, or unit-based portion of the RDAP at FCI Morgantown that same day. (Doc. 8-3, p. 2). If he had successfully completed the two institutional phases, he would have gone to a halfway house in December of 2006 for a period of six months.[1] (Id.) However, the petitioner was expelled from RDAP on November 22, 2006. (Id.) On December 21, 2006, the petitioner requested to be reinstated into the RDAP. (Doc. 8-3, p. 3). The petitioner was offered the opportunity to start the program over, but declined the offer, because he did not want to restart the program at the beginning. (Id.)

## II. The Petition

The petitioner alleges that before entering the RDAP, he signed a contract that said he would be released in December of 2006. The petitioner further alleges that he actively participated and received average or above average grades. However, despite not receiving anything in writing showing that he had done anything wrong, he was expelled from the program "five days before" he was to graduate. The plaintiff alleges that his expulsion from the program was an arbitrary abuse of discretion. Furthermore, he alleges that he had halfway house papers confirming a release date for December 5, 2006, and therefore, his freedom has been restricted since that date. As relief, the petitioner is requesting immediate release from prison.

## III. Respondent's Argument

Respondent argues that the petition should be dismissed because petitioner failed to exhaust his administrative remedies. Furthermore, respondent argues the 18 U.S.C. § 3625 precludes

---

[1] Accordingly, petitioner would have been released from the custody of the BOP in June of 2006, approximately eleven months before his projected statutory release date.

judicial review of the BOP's substantive determination about petitioner's continued enrollment in the RDAP.

IV. **Standard of Review**

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

V. **ANALYSIS**

  A. **Exhaustion**

Federal inmates generally are required to exhaust their administrative remedies prior to filing a § 2241 petition. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Colton v. Ashcroft, 299 F. Supp. 2d 681 (E.D. Ky (2004). Review of a BOP determination is available initially through the administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of General Counsel.

The records submitted by the respondent indicate that petitioner filed an administrative

remedy[2] at the institutional level on December 13, 2006, alleging racism and arbitrary conduct by staff in expelling him from RDAP, and requesting reinstatement into the RDAP. (Doc. 8-8. p. 2). This remedy request was denied by the Warden, who found that petitioner's expulsion from RDAP was appropriate and consistent with Bureau of Prisons policy. (Id. at 5). Petitioner appealed the Warden's denial to the Regional Director by filing a Regional Administrative Remedy Appeal requesting immediate release from custody. (Id. at 6). This request was denied by the Regional Director on May 1, 2007. The records of the respondent do not show any additional administrative remedies regarding petitioner's expulsion from RDAP. Accordingly, because petitioner failed to file his final administrative appeal with the National Inmate Appeals Coordinator in Washington, D.C., he has not exhausted his administrative remedies,[3] and this action should be dismissed, accordingly.

However, even if petitioner was not required to exhaust administrative remedies before bringing this action, his claim is nonetheless without merit and should be denied.

**B. RDAP**

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act is applicable to persons convicted of a "nonviolent offense" and allows the BOP to reduce an inmate's sentence by up to one year after successful completion of a substance abuse

---

[2]Neither the petitioner, nor the respondent, have provided the Court with any evidence that the petitioner attempted informal resolution with the prison staff.

[3]In fact, petitioner filed this action on March 30, 2007, before he even had received the denial of his appeal to the regional director on May 1, 2007.

program. See 18 U.S.C. § 3621(e)(2)(B); see also 28 C.F.R. § 550.58. However, "[w]hile eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute expressly vests the Bureau of Prisons with broad discretion to grant or deny sentence reductions to eligible prisoners. See 18 U.S.C. § 3621(e)(2)(B) ("the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may be reduced** by the Bureau of Prisons") (emphasis added." Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999).

Sections 3621(b) and (e) clearly state that determining which prisoners are eligible for substance abuse treatment is within the sole discretion of the BOP, as is the decision to reduce a prisoner's sentence by up to one-year upon the successful completion of such programs. Moreover, pursuant to 18 U.S.C. § 3625, Congress has specifically excluded these subsections from judicial review under the Administrative Procedures Act ("APA"). See Davis v. Beeler, 966 F.Supp. 483, 489 (E.D.Ky. 1997). Section 3625 states: "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."[4]

Accordingly, any substantive decision by the BOP to grant or deny Petitioner's admittance into the RDAP, or regarding his eligibility to receive a one-year sentence reduction, is not reviewable by this Court. Likewise, the decision whether an inmate should remain in the RDAP program, once admitted, is a substantive decision, as well, and not reviewable by this Court. However, even if it were reviewable, the petitioner would not be entitled to immediate release from

---

[4] Pursuant to 5 U.S.C. § § 701 and 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute is entitled to judicial review thereof," except to the extent that a statute precludes judicial review.

prison.

Here, petitioner essentially argues that he was wrongfully expelled from the BOP's drug rehabilitation program and that such expulsion violated his right to early release under § 3621(e). However, pursuant to § 3621(e)(2)(B), an inmate is only entitled to early release upon the successful completion of the drug treatment program. By his own admission, petitioner was expelled prior to full completion of the program[5] and is not entitled to early release. In addition, even if petitioner had successfully completed the program, he is still not entitled to early release as § 3621 simply does not create an entitlement to early release. See Orr v. Hawk, 156 F.3d 651 (6t$^h$ Cir. 1998) (there is no protectible liberty interest in early release under § 3621(e)); Fonner v. Thompson, 955 F.Supp. 638 (N.D.W.Va. 1997) (same); see also O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991) (a statute creates only a hope about a future discretionary decision by prison administrators is too speculative to create a liberty interest).

To the extent that petitioner argues that the BOP's decision to expel him was arbitrary abuse of discretion, that claim is also without merit. At the time petitioner signed the Agreement to Commitment on July 8, 2005, he agreed, among other things, to do the following:

-"obey all institutional rules...

-behave in an appropriate manner that will prepare me to enter society
 as a good father and a good model for others...

-not engage in obscene and abusive language on the compound...

-help other men change for the better by encouraging them to do well...

---

[5]The BOP's RDAP consists of three distinct components or phases: 1) the unit-based residential program; 2) the institution transition phase, and 3) the community transitional services phase. 28 C.F.R. §§ 550.56-550-59). Here, petitioner did not complete even the first phase.

6

-agree to start the program over if deemed necessary by my treatment team...

-listen to feedback given to me [and]

-understand the failure to abide by these standards will result in program failure."

(Doc. 8-4).

In addition, on July 8, 2005, petitioner signed an Agreement to Participate in BOP Residential Drug Abuse Treatment Program in which he acknowledged that "[a]ll program participants agree to refrain from any disruptive behavior to the program or to the participants and staff of the program." He also acknowledged that he "may be expelled from the program for failure to comply with program rules and regulations" and that, if he were expelled, he would lose his eligibility for early release consideration. (Doc. 8-5).

Edward Baker, Ph.D., is the Drug Abuse Treatment ("DAP") coordinator at FCI Morgantown. Dr. Baker has submitted a Declaration that outlines the reasons that petitioner was expelled from RDAP. (Doc. 8-3). As noted by Dr. Baker, petitioner's progress through his approximately eight months of Phase I of RDAP was poor. Treatment documentation showed that he "engaged in arrogant, grandiose and passive-aggressive behavior in the RDAP unit." (Doc. 8-3, p. 2). In addition, on November 16, 2006, staff confronted him in a group setting regarding racial slurs and other behaviors exhibited by petitioner, which staff found inconsistent with treatment goals and values. A November 21, 2006, meeting was conducted by Dr. Baker and two of his Treatment Specialists with petitioner to address these concerns. During the meeting, Dr. Baker found petitioner "dismissive of the program and disrespectful towards staff trying ro provide him with the opportunity to change his behavior." (Id.). Following the meeting, petitioner made comments towards staff in an aggressive manner that could be construed as a threat. Staff documented

petitioner's aggressive and threatening behavior. (Doc. 8-3, pp. 7-8).

Due to the severity of petitioner's behavior and his unwillingness to take responsibility for his conduct, Dr. Baker concluded that the petitioner's continued presence on the treatment unit would be disruptive to staff and other inmates. Therefore, he expelled petitioner from the RDAP on November 22, 2006, for lack of self-control, racially divisive comments, and for his unwillingness to accept responsibility. (Doc. 8-3, p.2). In making this expulsion, Dr. Baker relied on Program Statement 53310.10, Drug Abuse Programs Manual, Chapter 5.4.4, which permits a DAP Coordinator to expel an inmate from RDAP if the inmate's continued presence on the unit would create an immediate and on-going problem for staff and inmates.

Other than his blanket statement that this decision was arbitrary abuse of discretion, the petitioner does not refute or otherwise challenge the assessment of Dr. Baker. Thus, to the extent that Court can review this decision, it is clear that the BOP's decision to expel petitioner from the RDAP was not an arbitrary abuse of discretion.

Finally, to the extent that petitioner contends that he entered into a written contract with the BOP, that claim is also without merit. According to the petitioner, the terms of the contract provided that he would be released in December of 2006, and that he had halfway house papers confirming his release date on December 5, 2006. From experience, the Court is aware that the BOP issues a notice of eligibility form to an inmate who has applied for admittance into the RDAP. In the notice, the BOP advises the inmate as to his or her eligibility for the program and the early release provisions of § 3621(e). The forms are then typically signed by the inmate and a staff member. However, such forms are merely an assessment of an inmate's eligibility for the program and do not create any enforceable rights for the inmate. See Royal v. Trombone, 141 F.3d 596 (5th Cir. 1998).

8

Thus, to the extent that petitioner relies on his notice of eligibility form as the basis for his breach of contract claim, such claim is without merit.

## VI. Recommendation

Based on the foregoing, that the respondent's Motion to Dismiss (Doc. 6) be **GRANTED** and the petitioner's §2241 petition be **DENIED and DISMISSED**

.     Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk shall provide a copy to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 21, 2007.

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE