IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CARLOS AYALA,

    Petitioner,

v.                                          Civil Action No. 5:07CV45
                                                                    (STAMP)
WAYNE A. PHILLIPS

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Background</u>

Carlos Ayala, the petitioner in the above-styled civil action, is an inmate at the Federal Correctional Institution located in Morgantown, West Virginia ("FCI-Morgantown"). He was sentenced in the United States District Court for the Northern District of Illinois to forty-one months of imprisonment after he pled guilty to a conspiracy drug charge.

After he began his period of incarceration, the petitioner was admitted to the Residential Drug Abuse Treatment Program ("RDAP") administered by the Bureau of Prisons ("BOP") at FCI-Morgantown. The RDAP consists of three components: a unit-based residential program (Phase 1); an institution transition phase (Phase 2); and community transitional services (Phase 3). The petitioner began the unit-based, or Phase I, portion of the program on March 13, 2006. Upon successful completion of Phases I and II, the petitioner would have been eligible for transfer to a halfway house

in December 2006 and an early release date of May 2007.  Without early release time under RDAP, the petitioner's statutory release date is May 18, 2008.

On November 22, 2006, the petitioner was expelled from the RDAP.  He requested readmission on December 21, 2006 and was offered the opportunity to begin the program anew.  The petitioner declined the opportunity to be readmitted to the RDAP because he did want to have to resume the program from the beginning.

On March 30, 2007, the petitioner, proceeding pro se,[1] filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241.  The petitioner alleges that his expulsion from the Bureau of Prisons' Residential Drug Abuse Treatment Program five days before he was scheduled to complete the unit-based phase of the program has resulted in his unlawful imprisonment.  Specifically, the petitioner alleges that he had been approved for release on December 5, 2006 to a halfway house but that such release was withdrawn when he was expelled without justification from the RDAP program.  The petitioner seeks immediate release from prison for time served.

Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to Magistrate Judge James E. Seibert for report and recommended disposition.  By order dated May 29, 2007,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1237 (7th ed. 1999).

the magistrate judge directed the warden, as respondent,[2] to show cause why the petition should not be granted. The warden filed a response with a concurrent motion to dismiss on June 28, 2007. The magistrate judge then entered a notice informing the petitioner of his right to file a responsive pleading to the respondent's motion to dismiss and advising him that failure to respond could result in the entry of an order of dismissal against him. The petitioner filed no response.

On December 21, 2007, the magistrate judge entered a report recommending that the respondent's motion to dismiss be granted and the petitioner's § 2241 petition be denied and dismissed because the petitioner has failed to exhaust his administrative remedies and because the decisions by the Bureau of Prisons ("BOP") concerning the petitioner's participation in the Residential Drug Abuse Treatment Program ("RDAP") and his eligibility to receive a sentence reduction based upon his participation in RDAP are not subject to judicial review. In his report and recommendation, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being

---

[2] The petitioner mistakenly listed the Warden's name as Wally Philips. The Warden's correct name is Wayne A. Phillips. The docket has been corrected, and this Court's memorandum order and opinion is styled accordingly.

3

served with a copy of the magistrate judge's recommendation. No objections were filed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

This Court finds no clear error in the magistrate judge's recommendation to grant the respondent's motion to dismiss for lack of subject matter jurisdiction and to deny and dismiss the petitioner's application for § 2241 habeas corpus relief. The magistrate judge found that subject matter jurisdiction is lacking on two grounds: first, that the petitioner failed to exhaust his administrative remedies, and second, that the BOP's substantive decisions to allow the petitioner's participation in RDAP and his eligibility for sentence reduction on the basis of such

participation are beyond the reach of judicial review. Additionally, the magistrate judge determined that the BOP's decision to expel the petitioner from the RDAP program was not an arbitrary abuse of discretion, nor did it constitute a breach of contract.

A.  <u>Exhaustion of Administrative Remedies</u>

Generally, a prerequisite to filing a § 2241 petition is the petitioner's exhaustion of available administrative remedies. <u>See e.g.</u>, <u>Carmona v. United States Bureau of Prisons</u>, 243 F.3d 629, 634 (2d Cir. 2001); <u>Moscato v. Federal Bureau of Prisons</u>, 98 F.3d 757 (3d Cir. 1996); <u>Martinez v. Roberts</u>, 804 F.2d 570 (9th Cir. 1996); <u>United States v. Gabor</u>, 905 F.2d 76, 78 n.2 (5th Cir. 1990); <u>Sanchez v. Miller</u>, 792 F.2d 694, 699 (7th Cir. 1986); <u>Little v. Hopkins</u>, 638 F.3d 953, 953-54 (6th Cir. 1981). Administrative exhaustion requires the inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 542.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, <u>et seq</u>. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the regional director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National

Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

In this case, the petitioner pursued his formal administrative remedies through only the second tier of the BOP's three-tiered structure.[3] He did not file an appeal with the Office of General Counsel, and, in fact, he filed this action on March 30, 2007--more than a month before he received the denial of his appeal to the regional director on May 1, 2007. The petitioner has failed to exhaust his administrative remedies before filing his § 2241 petition, and, therefore, this Court lacks subject matter jurisdiction. Accordingly, the respondent's motion to dismiss may be granted on this ground.

However, even if the petitioner had exhausted his administrative remedies, this Court would still lack subject matter jurisdiction because the BOP's substantive decisions regarding substance abuse treatment and reductions in sentences related thereto are not subject to judicial review.

---

[3]Nothing in the record indicates that the petitioner attempted informal resolution with prison staff before he began pursuing the formal resolution process.

B.  <u>Judicial Review of the BOP's Substantive Decisions Concerning RDAP Participation and Related Sentence Reduction</u>

The Administrative Procedure Act ("APA") provides for judicial review of federal agency action except where a statute precludes judicial review or where agency action is committed to agency discretion.  5 U.S.C. §§ 701 and 702.  Pursuant to 18 U.S.C. § 3621, the BOP has authority to provide and administer appropriate substance abuse treatment programs to eligible prisoners and broad discretion to grant or deny sentence reductions to eligible inmates.  18 U.S.C. § 3621.  The same statute that delegates this discretionary authority to the BOP forecloses judicial review under the APA of residential drug treatment placement determinations and sentence reductions earned, or not earned, thereunder.  See, e.g., <u>United States v. Jackson</u>, 70 F.3d 874, 877-78 (6th Cir. 1995); <u>Davis v. Federal Bureau of Prisons, et al.</u>, 517 F. Supp. 2d 460 (D.D.C. 2007); <u>Landry v. Hawk-Sawyer</u>, 123 F. Supp. 2d 17, 19 (D.C.C. 2000); <u>Davis v. Beeler</u>, 966 F. Supp. 483, 498 (E.D. Ky. 1997).  Just as a decision to admit an inmate in a residential drug treatment program is a judicially unreviewable substantive decision by the BOP, so too is a decision to remove an inmate from such a program once placed there.

In this case, the BOP admitted the petitioner to the RDAP. After the petitioner had substantially, but not fully, completed the residential phase of the program, prison officials withdrew him

from the program.  This decision falls squarely within the BOP's discretion and is not subject to judicial review.  Furthermore, even if the petitioner had not been withdrawn and had successfully completed the RDAP program, the determination to grant him early release is exclusively a BOP discretionary decision that is not subject to court review.  Consequently, this Court lacks jurisdiction to review either the BOP's decision to terminate the petitioner's participation in the RDAP before he completed the program or the BOP's decision to grant or deny early release based upon his completion or failure to complete such program. Accordingly, even if the petitioner had exhausted his administrative remedies, the respondent's motion to dismiss should be granted and the § 2241 petition should be denied because this Court lacks subject matter jurisdiction to review the BOP's substantive decisions relating to the RDAP and early release.

C.  <u>Abuse of Discretion</u>

Even if this Court had jurisdiction, the respondent's motion to dismiss should be granted because the petitioner--to the extent that he alleges the BOP abused its discretion--has not demonstrated that the BOP's decision to terminate him from the RDAP was arbitrary and capricious.  When the petitioner was admitted to the RDAP, he signed an agreement form in which he pledged to refrain from behavior that would be disruptive to the program, the participants, or the staff.  In that agreement, the petitioner

8

acknowledged that he was subject to expulsion from the program if he failed to comply with program rules and regulations and that if he were expelled, he would lose his eligibility for early release. The RDAP Coordinator and RDAP Treatment Specialists determined and documented that the petitioner was engaging in disruptive behavior. They also discussed the petitioner's behavior with him to give him an opportunity to change his behavior. These efforts were met with dismissive and disrespectful comments about the program and staff. More importantly, the program staff perceived some of the petitioner's comments and behavior as aggressive and threatening. Because the RDAP Coordinator and RDAP staff determined that the petitioner's continued participation in the RDAP program would create an immediate and on-going problem for the staff and other participants, the RDAP Coordinator expelled the petitioner from the program.

This Court finds that the decision to expel the petitioner from the program was not an abuse of discretion. That such expulsion occurred when the petitioner was days away from completing Phase I of the program is of no moment, particularly in light of the BOP's discretion to deny early release to an inmate who has successfully completed the entire program. Therefore, this Court concludes that, even if the petitioner's claim survived a challenge to this Court's subject matter jurisdiction, the petitioner would lose on the merits of his claim.

## IV. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the respondent's motion to dismiss is GRANTED, and the petitioner's application for habeas corpus under 28 U.S.C. § 2241 is DENIED and DISMISSED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 19, 2008

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE